UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRYL SALISBURY,

     Plaintiff,

v.                                                         CASE No. 8:09-CV-2334-T-17TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.

_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his

claim for Social Security disability benefits.[1]  Because the decision of the

Commissioner of Social Security is supported by substantial evidence and the

plaintiff has not identified any reversible error, I recommend that the decision

be affirmed.

I.

The plaintiff, who was thirty-seven years old at the time his

insured status expired on December 31, 2004, and who has a high school

---

[1] This matter comes before the undersigned pursuant to the Standing Order of this
court dated January 5, 1998.  See also Local Rule 6.01(c)(21).

education, has worked as a carpenter's helper and truck driver (Tr. 67). He filed a claim for Social Security disability benefits, alleging that he became disabled due to strep infection and sleep apnea (Tr. 66). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments that restricted him to a wide range of medium work (Tr. 22). The law judge determined that the plaintiff could return to work as a truck driver (Tr. 21). In addition, based upon the testimony of a vocational expert, the law judge determined that the plaintiff could perform other work that exists in significant numbers in the national economy, such as file clerk, mail clerk, and copy machine operator (id.). The law judge therefore decided that the plaintiff was not disabled (Tr. 23). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

Upon review, this court concluded that the law judge erred by according treating physician Dr. Gabriel DeCandido's assessment of the plaintiff's residual functional capacity little weight (Tr. 372-83). It reversed and remanded the decision of the law judge, directing that Dr. DeCandido be

recontacted for clarification concerning the specific time frame he had in mind in opining the plaintiff's limitations (Tr. 383).

Another hearing was held on December 11, 2008 (Tr. 654), at which the plaintiff waived the right to be present (Tr. 409). Following that hearing, the same law judge concluded that the plaintiff has severe impairments of morbid obesity, obstructive sleep apnea, and depression (Tr. 362). The law judge concluded, as he did in his first opinion, that these impairments restricted the plaintiff to performing medium work as follows (Tr. 364):

> [O]ccasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, stand and/or walk about 6 hours in an 8-hour workday, sit for a total of about 6 hours in an 8-hour workday, frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl, and never climb ladders, ropes and scaffolds, avoiding concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc., and hazards, such as heights. The claimant had the mental capacity to perform a wide range of unskilled to semi-skilled work activity without significant limitation.

The law judge again concluded that the plaintiff could return to his previous work as a truck driver (Tr. 367). Based upon the testimony of a vocational expert at the first hearing, the law judge once more determined, alternatively,

that the plaintiff could perform jobs that exist in the national economy, such as light work of file clerk, mail clerk, and copy machine operator (Tr. 369). The plaintiff was therefore found not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A). The plaintiff must also show that he became disabled before his insured status expired on December 31, 2004, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

After remand by this court, the law judge concluded that the plaintiff had severe impairments of obesity, obstructive sleep apnea, and depression. He determined that these impairments limited the plaintiff's residual functional capacity to a range of medium work, but that he was not totally disabled during the insured period. The plaintiff, under three headings, raises several issues in challenging the law judge's decision. Those challenges only relate to the plaintiff's physical impairments. Therefore, in light of the scheduling Order (Doc. 11, p. 2), any challenge to the plaintiff's mental impairments is deemed abandoned. None of the challenges that were asserted warrants reversal.

An overriding factor in assessing the plaintiff's challenges is that he last met the special earnings requirements on December 31, 2004. Further, he alleged an amended onset date of December 1, 1999 (Tr. 358). Consequently, the plaintiff must establish that he became disabled between December 1, 1999, and December 31, 2004.

A. The plaintiff contends, first, that the law judge failed to give proper weight to the opinion of his treating physician (Doc. 19, pp. 3-9). This argument is not persuasive.

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The plaintiff predicates his challenge on the law judge's handling of a Physical Residual Functional Capacity form ("questionnaire"), filled out by primary care physician Dr. Gabriel DeCandido. After being hospitalized in early December 1999 for septicemia, viral hepatitis, and pancreatitis, the

plaintiff began follow-up treatment with Dr. DeCandido on December 14, 1999 (Tr. 13, 109). Dr. DeCandido continued to treat the plaintiff through May 2006 for various other ailments.

Dr. DeCandido filled out the questionnaire in mid-April 2004, less than one month after the plaintiff underwent gastric bypass surgery.[2] Dr. DeCandido opined in the questionnaire that the plaintiff, due to obesity, chronic fatigue, COPD, depression, and sleep apnea, was practically incapacitated (Tr. 292-97).

As discussed above, the pertinent time period for the plaintiff's disability claim is December 1, 1999, until December 31, 2004. The questionnaire, as submitted, did not set forth the period of time to which the assessment of disability related. However, after being recontacted, Dr. DeCandido thereafter opined, in a conclusory fashion, that the plaintiff's

---

[2] The questionnaire was submitted, undated, by plaintiff's counsel following the first administrative hearing of April 6, 2004. Subsequently, Dr. DeCandido was recontacted, after remand as directed by the court, to clarify the date he had signed the questionnaire. Thus, Dr. DeCandido stated on October 31, 2008, that he filled out the form sometime between April 6, 2004, and April 19, 2004 (Supp. Tr. 671). The law judge accepted Dr. DeCandido's assertion that he filled out the questionnaire in mid-April 2004 (Tr. 366).

disability began in December 1999 and continued until the last visit on March
6, 2006 (Supp. Tr. 671).[3]

The law judge, in his current decision, discounted Dr.
DeCandido's opinion that "the claimant's disability began in December 1999
and continued until his last visit to Dr. DeCandido" (Tr. 366). The law judge
explained that he assigned Dr. DeCandido's form "little weight" because it
was "not supported by the evidence of record as a whole" (id.). The law
judge noted that the "rather draconian limitations" were overstated and
unsupported by the record (id.). See Barclay v. Commissioner of Social
Security Administration, 274 Fed. Appx. 738, 740 (11th Cir. 2008)(unpub.
dec.)(lack of supporting medical records may be considered in rejecting the
treating physician's opinion). The law judge said that the plaintiff, although
suffering from obesity, "has never really maintained that his obesity prevents
him from working except insofar as it contributes to the effects of sleep
apnea" (Tr. 366). Further, the law judge reasoned that the plaintiff did not
have significant complaints about sleep apnea issues or increased daytime
sleepiness "despite the non-use of the CPAP" (Tr. 365). The law judge also

---

[3]As the Commissioner points out, the last visit with the plaintiff was in May 2006.

pointed out that Dr. DeCandido's reference to chronic COPD "is curious" given that he never diagnosed the plaintiff with COPD prior to the date last insured (Tr. 366-67). These reasons amply support the law judge's determination to discount Dr. DeCandido's opinion of total disability. See Phillips v. Barnhart, supra, 357 F.3d at 1240.

Moreover, the questionnaire is conclusory and does not contain cogent explanations for the asserted limitations. Dr. DeCandido merely lists impairments under each functional capacity category as a basis for the severe restrictions. For example, Dr. DeCandido asserts that the plaintiff is limited in reaching, handling, fingering, and feeling secondary to chronic fatigue, sleep apnea, and obesity (Tr. 294). Similarly, he states that the plaintiff has visual limitations with respect to near acuity, far acuity, depth perception, accommodation, color vision, and field of vision secondary to depression, chronic fatigue, and sleep apnea (id.). The law judge could easily conclude that these limitations were overstated.

In addition, Dr. DeCandido's assertion, after being recontacted, that the plaintiff's disability extended from December 1999 until the date of his last visit on March 6, 2006, is clearly conclusory. As the law judge pointed out, the plaintiff had surgical procedures for his sleep apnea and his

obesity, and Dr. DeCandido's comments do not acknowledge any improvements from those procedures. Similarly, Dr. DeCandido's assessment that the period of disability extended from December 1999 to March 3, 2006, ignores that he first diagnosed COPD in April 2006.

In short, Dr. DeCandido did not provide a satisfactory explanation for his opinion that the plaintiff was disabled. Consequently, the conclusory nature of the questionnaire is sufficient in itself to discount Dr. DeCandido's opinions. See Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1159 (11th Cir. 2004)(treating physician's report "may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory").

The plaintiff contends that the "'reasons' given by the ALJ [for discounting the questionnaire] are inconsistent, not supported by the evidence and not in accordance with the law and regulations" (Doc. 19, p. 5). First, the plaintiff insists that the law judge's reasons for rejecting the questionnaire were inconsistent because the law judge states in his opinion that (1) Dr. DeCandido relied only on diagnoses of obesity and sleep apnea for his opinion and (2) "Dr. DeCondido [sic] refers to the diagnosis of COPD as a basis for his opinion" (id.). In other words, he thinks it is inconsistent to

-11-

indicate that Dr. DeCandido relied only on the diagnoses of obesity and sleep apnea for his opinions, and to say also that Dr. DeCandido relied upon the diagnosis of COPD for his opinion. Besides the fact that this is a lame argument with no substance, there is no inconsistency because the law judge did not say that Dr. DeCandido relied upon the diagnosis of COPD as a basis for his opinion (see Tr. 366-67).

While there was no inconsistency in the law judge's comments regarding the basis for Dr. DeCandido's opinions, those comments were not entirely accurate. Thus, Dr. DeCandido not only based his opinions upon obesity and sleep apnea, he also based opinions on diagnoses of COPD (Tr. 293, 295) and depression (Tr. 294, 295), as well as chronic fatigue caused by COPD, depression, and sleep apnea (Tr. 295). The plaintiff has not raised any challenge to that inaccuracy. Consequently, such a challenge is deemed abandoned, in light of the scheduling Order, which requires the plaintiff to identify with particularity the discrete grounds upon which the decision is being challenged, and to support such a challenge by citation to the record of the pertinent facts (Doc. 11, p. 2).

In any event, the law judge's failure to acknowledge expressly that Dr. DeCandido also relied upon COPD and depression for his opinions

would not constitute reversible error. That failure does not provide any basis for a conclusion that the law judge erred in discounting Dr. DeCandido's opinion. To the contrary, Dr. DeCandido's reliance upon those conditions provides further support for rejecting his opinions. Thus, reliance upon COPD is unavailing since, as indicated, it was not diagnosed until April 2006, which was fifteen months after the plaintiff's date last insured. Further, it seems implausible that the plaintiff's depression caused vision and environmental limitations, and Dr. DeCandido did not set forth any explanation for those opinions.

To the extent that Dr. DeCandido relied upon the diagnoses of obesity and sleep apnea for his opinions, the law judge addressed those conditions (Tr. 365, 366). He recognized that Dr. DeCandido had indicated that "the primary diagnosis was morbid obesity and that the secondary diagnosis was sleep apnea" (Tr. 366). Moreover, the law judge explained why those conditions did not support Dr. DeCandido's opinions that the plaintiff was totally disabled.

Drifting away from the topic heading of "Treating Physician Opinion" (Doc. 19, p. 3), the plaintiff argues that the law judge improperly disregarded the effects of plaintiff's obesity and sleep apnea, such as chronic

fatigue and daytime somnolence, despite "the validation of those symptoms by his treating physicians" (id., pp. 5, 6).[4] In June 2000, the plaintiff had surgery for obstructive sleep apnea that, as the law judge pointed out, improved his condition significantly (Tr. 365). The law judge stated further (id.):

> [T]he claimant reported to Dr. Silverstein that he felt he had done extraordinarily well and that, overall, since the time of his original problems, he was then 80%- 90% better than he had ever been. It was noted also that the claimant's alertness had improved and that the claimant continued to have only intermittent episodes of mild daytime somnolence.

The plaintiff has not shown that the law judge's acceptance of this evidence is unreasonable. Consequently, there is substantial evidence supporting the law judge's finding that the plaintiff's sleep apnea is not disabling.

The plaintiff suggests that the law judge made the "wild presumption" that the plaintiff had no need for the CPAP machine (Doc. 19, p. 7). However, that is not what the law judge concluded. The law judge merely stated that, "despite the non-use of the CPAP, no significant

---

[4]The plaintiff admits that "there has never been a diagnosis of 'chronic fatigue syndrome'" (Doc. 19, p. 6). Rather, he contends that Dr. DeCandido's chronic fatigue syndrome reference is to the plaintiff's daytime somnolence, as diagnosed by Dr. Silverstein (id.).

complaints were made by the claimant about any increase in sleep apnea issues or increased daytime sleepiness" (Tr. 365). The plaintiff does not attempt to controvert that conclusion. Rather, the plaintiff asserts simply that the evidence supports a need for the CPAP machine, but that he could not use it all the time due to ear infections. However, the plaintiff must show that the evidence compels the conclusion that the plaintiff experienced limitations because of his inability to use the CPAP constantly. Adefemi v. Ashcroft, supra, 386 F.3d at 1027. The plaintiff has failed to do that.

The plaintiff contends next, in a conclusory manner, that the law judge failed to consider the plaintiff's breathing problems in combination with his other impairments (Doc. 19, p. 7). The plaintiff cites to a report by Dr. Silverstein which states in September 2000 that "[t]here is a mild restrictive lung defect. Diffusion capacity is within normal limits. FEF 25-75 changed by 11%. This is interpreted as an insignificant response to bronchodilator" (Tr. 206). The plaintiff does not identify how the lung defect affects his ability to function. See Moore v. Barnhart, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005); McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).

To the extent the plaintiff contends the law judge erred in failing to consider the combination of impairments, that contention is meritless.  A law judge must not only consider every impairment, but must consider the combined effect of the impairments.  Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985).  The law judge recognized that he had to consider the combined effects of the plaintiff's impairments, stating that, in making the disability determination, he had to consider "whether the claimant ha[d] a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe'" (Tr. 360).  The law judge also cited to the pertinent regulations and Social Security Rulings (Tr. 19, 20).  Moreover, the law judge stated that he considered that "the combined effects of claimant's obesity with claimant's other impairments can be greater than the effects of each of the impairments considered separately," including effects on respiratory systems (Tr. 362).  These statements demonstrate that the law judge properly considered the combined effects of the plaintiff's impairments. Wilson v. Barnhart, 284 F.3d 1219, 1224-25 (11th Cir. 2002).

Further, the law judge's finding that the plaintiff has several severe impairments that limit his residual functional capacity to a range of medium work clearly shows that he considered the impairments in

-16-

combination. As indicated, the plaintiff made no attempt to explain how a "mild restrictive lung defect" would affect the law judge's determination of the plaintiff's residual functional capacity. Therefore, the plaintiff's conclusory contention that the law judge did not evaluate his impairments in combination is meritless.

Returning to the issue of Dr. DeCandido's opinion, the plaintiff asserts next that the law judge, in discounting that opinion, failed to assess the six factors set forth in 20 C.F.R. 404.1527(d), for the law judge to consider in assigning weight to a treating medical opinion (Doc. 19, p. 8). However, the law judge specifically stated that he "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527" (Tr. 364). The plaintiff does not even identify what factor the law judge allegedly failed to consider.

Significantly, in accordance with the regulation, the law judge discounted the opinion because it was not "supported by the evidence of record as a whole" (Tr. 366). See 20 C.F.R. 404.1527(d)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). Furthermore, the law judge found Dr. DeCandido's opinion, which consisted of little more than a statement of

-17-

diagnosed illnesses "to be overstated and unsupported" (Tr. 366). Thus, 20 C.F.R. 404.1527(d)(3) provides that "[t]he better an explanation a source provides for an opinion, the more weight we will give that opinion." Accordingly, the plaintiff has identified no error in the law judge's application of the regulation.

The plaintiff contends, further, that the law judge erred in providing greater weight to the opinions of the state agency nonexamining reviewers than to treating physicians (Doc. 19, pp. 8-9). This contention refers to the opinions of two doctors who concluded prior to the remand order that the plaintiff could perform medium work.

The law judge summarized the findings of the two non-examining reviewing physicians. He stated that he had given them significant weight as the opinions "are consistent with the medical evidence of record" (Tr. 367). Notably, the law judge was required by a Social Security directive to consider those opinions and explain the weight given to them in his decision. Social Security Ruling 96-6p, 1996 WL 374180 (S.S.A.). The Appeals Council explained that the law judge "did not give substantial weight to the nonexamining medical expert opinions, but he did find them consistent with the evidence of record and afforded them significant weight in support

-18-

of his finding" (Tr. 343). That approach is proper, particularly where, as here,
the law judge has discounted the opinion of the treating physician. Oldham
v. Schweiker, 660 F.2d 1078, 1086 (5th Cir. 1981); Milner v. Barnhart, 275
Fed. Appx. 947, 948 (11th Cir. 2008)(unpub. dec.).

For the foregoing reasons, the law judge's discounting of Dr.
DeCandido's opinion is reasonable, adequately explained, supported by
substantial evidence, and consistent with the governing law. Consequently,
it should not be overturned.

B.  Under his second heading, the plaintiff argues that the law
judge gave insufficient reasons for finding him not fully credible (Doc. 19,
pp. 10-11). This argument also fails.

The Eleventh Circuit has articulated a standard for assessing
allegations of pain and other subjective complaints.  As the court of appeals
explained in  Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the
pain standard "required evidence of an underlying medical condition and (1)
objective medical evidence that confirms the severity of the alleged pain
arising from that condition or (2) that the objectively determined medical
condition is of such a severity that it can be reasonably expected to give rise
to the alleged pain."  If the law judge concludes that there is an objectively

determined medical condition which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge in this case cited Landry and referred to the pertinent regulation and Social Security Rulings governing the assessment of subjective complaints (Tr. 364). This demonstrates that he appropriately applied the governing standards. See Wilson v. Barnhart, supra, 284 F.3d at 1225-26.

Further, the law judge acknowledged the plaintiff's testimony in his decision, but did not find these statements credible "to the extent they are inconsistent with the above residual functional capacity assessment" (Tr. 364, 365). The law judge considered several factors which, taken together, support the credibility determination. Thus, the law judge stated (Tr. 365, 367):

> The undersigned gave consideration to the effects of the claimant's sleep apnea on the claimant's ability to drive a truck. The undersigned recognizes that excessive sleepiness while driving a truck would not be conducive or desirable. The claimant was first shown to have very severe sleep apnea on a sleep study in April 2000 and in May

2000 a CPAP titration sleep study noted evidence of severe sleep apnea with non-resolution. However, the claimant had surgery in June 2000, and in the following month (July 2000) the claimant reported to Dr. Silverstein that he felt he had done extraordinarily well and that overall, since the time of his original problems, he was then 80%-90% better than he had ever been. It was noted also that the claimant's alertness had improved and that the claimant continued to have only intermittent episodes of mild daytime somnolence. Thereafter, no significant change in the claimant's sleep apnea was noted until November 2001, when it was noted that the claimant was unable to use his CPAP machine, which had brought about a tremendous improvement in his baseline sleep apnea while able to use it. In March 2002, Dr. Coundouriotis noted that the claimant had not used his CPAP in two months, although the claimant reported in May 2002 that he was using the machine. However, despite the non-use of the CPAP, no significant complaints were made by the claimant about any increase in sleep apnea issues or increased daytime sleepiness. Therefore, the undersigned finds that this condition would not preclude claimant's working as a truck driver during the period at issue.

. . .

The undersigned finds further that the claimant is not fully credible. The claimant initially alleged being disabled beginning September 15, 1999. However, the claimant admitted in his testimony at the hearing held April 6, 2004 that while he had been in an accident then, he did not sustain any injuries and that basically the accident did not have anything to do with preventing him from working

> as a truck driver. The claimant's testimony with
> regard to the impact of his sleep apnea is overstated
> as was hereinbefore addressed. The claimant's
> complaints regarding his aches and pains are also
> overstated, as there are few complaints of same
> reported to his treating doctors of record.

This explanation is sufficient to discount the plaintiff's testimony of disabling

impairments. See Heppell-Libsansky v. Commissioner of Social Security,

170 Fed. Appx. 693, 699 (11th Cir. 2006)(unpub. dec.).

The plaintiff quibbles with some of the comments made by the

law judge in his credibility determination. The law judge's determination,

however, was reasonable. In order to overcome such a determination, the

plaintiff had to show that the evidence compelled a contrary conclusion.

Adefemi v. Ashcroft, supra, 386 F.3d at 1027. He has clearly failed to do

that.

C.    The plaintiff's final challenge is to the law judge's

determination of the plaintiff's residual functional capacity (Doc. 19, p. 11).

In this respect, the challenge is limited to postural limitations from physical

impairments. Thus, the plaintiff states that "[i]t is hard to imagine that a man

only 5'6" tall and weighing in excess of 350 pounds who also suffers from

sleep apnea and breathing problems is able to frequently climb stairs, stoop,

crouch, and crawl" (id., p. 12).  Counsel presented this issue to the Appeals

Council, which commented as follows (Tr. 343):

> While your concerns are understandable, any
> limitations regarding the claimant's functioning
> must be supported by medical evidence.  There are
> no such limitations mentioned in the treating and
> examining source notes or opinions regarding these
> limitations prior to Dr. DeCandido's note at
> Exhibit 18F and 9E.

In other words, except for Dr. DeCandido's opinion – which the law judge

reasonably rejected – there was no medical evidence from a treating or

examining doctor that set forth postural limitations greater than those found

by the law judge in his determination of the plaintiff's residual functional

capacity.

On the other hand, there were assessments from two

nonexamining reviewing doctors who stated the same postural limitations that

were found by the law judge (Tr. 147, 237).  Those doctors did not think that

it was "hard to imagine" that the plaintiff could frequently climb ramps and

stairs, balance, stoop, kneel, crouch and crawl.

It is appropriate to add that the plaintiff's postulate of an

individual weighing 350 pounds is not accurate.  At times during this relevant

period, the plaintiff weighed significantly less (e.g., Tr. 186 (10-11- 00), Tr.

216 (10-26-01), and at times weighed more, Tr. 275 (4-5-04)). Further, in March 2004, he had gastric bypass surgery. By April 3, 2006, the plaintiff's weight was recorded as 239 pounds (Tr. 534).[5] Significantly, the plaintiff has not identified evidence in the record showing that he weighed 350 pounds for twelve months or more. Thus, the plaintiff's postulate of an individual weighing 350 pounds is unsupported by the record.

The plaintiff also makes the assertion that the law judge did not ask any questions of a vocational expert who was present at the second hearing and that this "prevented any questioning of the vocational expert about the new information from Dr. DeCandido" (Doc. 19, p. 12). However, plaintiff's counsel made no request to ask questions of the vocational expert. Thus, from all that appears, the only thing that prevented plaintiff's counsel from asking questions of the expert was his failure to make such a request.

Moreover, there was no need for additional vocational testimony. There was a vocational expert at the first hearing who responded to a

---

[5]During a psychiatric hospitalization in July 2007, the plaintiff claimed that his highest weight was 460 pounds (Tr. 558). There is no medical evidence of that weight. The heaviest recorded weight was 372 pounds (Tr. 275), which was just after his gastric bypass surgery. A week later he had lost eighteen pounds to be down to 354 pounds (Tr. 273). Moreover, at the first hearing, the plaintiff testified, under oath, that his heaviest weight was 403 pounds, not 460 pounds (Tr. 311). There was no medical record support for that claim either.

hypothetical question based upon the law judge's determination of the plaintiff's residual functional capacity. Since the law judge's residual functional capacity finding in the second decision was identical to his finding in the first decision, any additional inquiry was unnecessary (<u>compare</u> Tr. 335, 364).

To the extent that the plaintiff suggests that a hypothetical question should have been asked at the second hearing based upon the limitations asserted by Dr. DeCandido, that suggestion is meritless. The law judge reasonably rejected those limitations. The law judge is not required to include in the hypothetical question allegations that have been properly rejected. <u>Crawford</u> v. <u>Commissioner of Social Security</u>, <u>supra</u>., 363 F.3d at 1161.

IV.

For the foregoing reasons, I recommend that the decision of the Commissioner be affirmed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: NOVEMBER _9_, 2010

-25-

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).