UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRYL SALISBURY,

       Plaintiff,

v.                                        Case No. 8:09-cv-2334-T-17TGW

MICHAEL J. ASTRUE,
**Commissioner of Social Security,**

       Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause comes before the Court following a review by U.S. Magistrate Judge Thomas G. Wilson, which recommends affirming the Commissioner of the United States Social Security Administration's decision to deny Plaintiff Social Security disability benefits.[1] Because the decision of the Magistrate is in accordance with correct legal standards and is supported by substantial evidence, this Court affirms the Magistrate's decision.

    I.       **STANDARD OF REVIEW**

When a timely and specific objection is made to a finding of fact in the Magistrate's Report and Recommendation, the district court should review both factual and legal findings within the Report and Recommendation *de novo*. 28 U.S.C. §636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667, 673 (1980); *Jeffrey S. v. State Bd. of Educ. of*

---

[1] Report and Recommendation by Magistrate Judge Thomas G. Wilson, filed on November 12, 2010 (Doc. 22). Case number: 8:09-cv-2334-T-17TGW.

*State of Ga.*, 896 F.2d 507, 512–13 (11th Cir. 1990). "In making its determination, the district court is generally free to employ the magistrate judge's findings to the extent that it sees fit—the court may adopt the magistrate judge's findings in whole, in part, or not at all." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1245 (11th Cir. 2007). In this case, Plaintiff timely filed his written objection to the Magistrate's Report and Recommendation.[2] Therefore, this Court will conduct its review *de novo* and independently determine whether to adopt the Report and Recommendation "in whole, in part, or not at all." *Id.*

Additionally, the district court shall decide whether the Commissioner's factual findings are supported by substantial evidence and whether correct legal standards were applied to Plaintiff's case. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001); *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001).

A district court reviews an administrative law judge's (ALJ's) findings for substantial evidence. *U.S. v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988); *U.S. v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982). The Magistrate's findings are subject to attack in situations of plain error or manifest injustice. *Id.* Substantial evidence is relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 US 197, 229 (1938)). Substantial evidence is "more than a mere scintilla, but less than a preponderance." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (quoting *Perales*, 402 U.S. at 401); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir.

---

[2] Objections to Report and Recommendation by Plaintiff Darryl Salisbury, filed on November 26, 2010 (Doc. 23). Case number: 8:09-cv-2334-T-17TGW.

2005) (quoting *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971). Therefore, the reviewing court must decide whether the evidence, when fairly considered in its totality, affords a basis for a reasonable person to conclude that the findings under review have adequate support. *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983); *Smallwood v. Schweiker*, 681 F.2d 1349, 1351 (11th Cir. 1982); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

This means the evidence must create more than a suspicion of the existence of a fact in order for it to be established. *Perales*, 402 U.S. at 398; *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Substantial evidence is considered a legal conclusion rather than a finding of fact. *Roberts*, 858 F.2d at 701. This Court shall not give any deference to the Commissioner or Magistrate's legal conclusions. *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). However, this Court shall view the Commissioner's findings as to any fact as conclusive if the findings are supported by substantial evidence. 42 U.S.C. §405(g). The substantial evidence test permits this Court to reverse the Commissioner's findings of fact only when the record compels it, and thus, the mere fact that a contrary conclusion to the Commissioner's factual findings can be reached is insufficient to justify a reversal. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

## II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, who was thirty-seven (37) years old at the time his insured status expired on December 31, 2004, and who has a high school education, has worked as a carpenter's

assistant and truck driver (R. 67). Plaintiff alleged that he became disabled due to sleep apnea and a strep infection (R. 66). Hence, Plaintiff filed a claim for Social Security disability benefits (R. 65-74). This claim was denied initially and upon reconsideration.

Following denial of his claim, Plaintiff, at his request, received a *de novo* hearing before an ALJ. The ALJ found that Plaintiff has severe impairments that restrict him to a wide range of medium work (R. 22). Thus, the ALJ determined that Plaintiff could return to work as a truck driver (R. 21). In addition, based upon the testimony of a vocational expert, the ALJ determined that Plaintiff could perform other types of work that exist in significant numbers in the national economy, such as a file clerk, mail clerk, or copy machine operator. *Id.* For these reasons, the ALJ found that Plaintiff was not disabled (R. 23). The ALJ's decision was upheld by the Appeals Council, which meant that the ALJ's decision would stand as the final decision of the Commissioner.

After review by the Magistrate, the ALJ's decision was found to be in error because of the ALJ's failure to give Dr. Gabriel DeCandido's assessment of Plaintiff's residual functional capacity the proper weight (R. 372-383). The Court then reversed and remanded the ALJ's decision and directed that Dr. DeCandido be contacted for clarification concerning the specific timeframe he was referring to when he opined about Plaintiff's limitations (R. 383).

After another hearing, the ALJ reached the conclusion that Plaintiff has severe impairments of morbid obesity, obstructive sleep apnea, and depression (R. 362). As a result of these impairments, the ALJ believed Plaintiff is restricted to medium work described as follows (R. 364):

> Occasionally lift and/or carry fifty (50) pounds, frequently lift and/or carry twenty-five (25) pounds, stand and/or walk about six (6) hours in an eight (8) hour workday, sit for a total of about six (6) hours in an eight (8) hour work day, frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl, and never climb ladders, ropes, and scaffolds, avoiding concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc., and hazards, such as heights. The claimant has the mental capacity to perform a wide range of unskilled to semi-skilled work activity without significant limitation.

Consequently, the ALJ found that Plaintiff could return to his previous work as a truck driver (R. 367). Based upon the testimony of a vocational expert at the first hearing, the ALJ once again concluded that Plaintiff could perform the duties of a file clerk, mail clerk, or copy machine operator (R. 369). Therefore, Plaintiff was found not to be disabled. *Id.* Once again, the Appeals Council let the ALJ's decision stand as the Commissioner's final decision.

Plaintiff then timely appealed the Commissioner's decision, which was reviewed by Magistrate Thomas G. Wilson who recommended in his Report and Recommendation that Plaintiff be denied Social Security disability benefits.[3] Plaintiff has now timely sought review of the Magistrate's Report and Recommendation by this Court.

### III. DISCUSSION

To be eligible for Social Security disability benefits, Plaintiff must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment... which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §423(d)(1)(A). A

---

[3] Report and Recommendation by Magistrate Judge Thomas G. Wilson, filed on November 12, 2010 (Doc. 22). Case number: 8:09-cv-2334-T-17TGW.

physical or mental impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). Furthermore, the Act provides that Plaintiff is not disabled if he is capable of performing his previous work. 42 U.S.C. §423(d)(2)(A). In order to receive disability benefits, Plaintiff must prove that he became disabled after his alleged amended onset date of December 1, 1999 (R. 358) but prior to December 31, 2004, the date his insured status expired. 42 U.S.C. §423(c)(1); *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979) cert denied, 444 U.S. 952.

### A.  Weight given to treating physician's opinion

Plaintiff contends that the ALJ failed to give the treating physician's opinion the proper weight. This argument is not persuasive.

A treating physician's opinion is entitled to substantial or considerable weight unless there is good cause for not giving it such weight. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause for not giving the treating physician's opinion substantial or considerable weight exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. *Lewis*, 125 F.3d at 1440.

In Plaintiff's Objection to Report and Recommendation, Plaintiff claims that the ALJ improperly discounted Dr. DeCandido's opinion by basing his opinion on two reasons: (1) Plaintiff's obesity never prevented him from working and only contributed to the effects of his sleep apnea, and (2) Plaintiff's sleep apnea was improved following his

surgery in June 2000 and the use of the CPAP machine (Doc. 23, p. 2-3). Plaintiff's objections fail to fully understand the numerous reasons the ALJ offered for giving Dr. DeCandido's opinion little weight.

First, when a physician's report does not contain an adequate explanation for declaring a claimant disabled because it is conclusory in nature, the ALJ is permitted to discount the physician's medical opinion. *Crawford v. Comm'r of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004). Dr. DeCandido's opinion merely lists Plaintiff's impairments and does not offer cogent explanations as to why Plaintiff's obesity severely restricts his work ability (R. 291-98). Being as conclusory in nature as Dr. DeCandido's opinion is, it is not unreasonable for the ALJ to conclude that Dr. DeCandido overstated Plaintiff's limitations. The ALJ stated that Plaintiff "has never really maintained that his obesity prevents him from working except insofar as it contributes to the effects of sleep apnea" (R. 366). Therefore, Dr. DeCandido's conclusory statements claiming that Plaintiff's obesity severely restricts his work ability when Plaintiff has failed to maintain such a claim permits the ALJ to accord Dr. DeCandido's opinion little weight.

Second, as the ALJ pointed out, Dr. DeCandido's statement that Plaintiff suffered from chronic COPD "is curious" because Dr. DeCandido diagnosed Plaintiff with COPD fifteen (15) months after the date last insured and a chest x-ray in December 1999 was interpreted as being normal (R. 367). Thus, the ALJ had reason to doubt Dr. DeCandido's opinion.

Third, despite Plaintiff having surgery in June 2000 to reduce his sleep apnea, reporting to Dr. Silverstein that he was feeling eighty to ninety percent (80-90%) better

than he had ever been, and claiming that he had an improved alertness and only intermittent episodes of mild daytime somnolence, Dr. DeCandido made a conclusory statement that Plaintiff was disabled due to the effects of sleep apnea (R 365). While it is true that Plaintiff struggled to use the CPAP machine due to ear infections that resulted from its use, by midyear 2002, Plaintiff made no significant complaints about any increase in sleep apnea issues or daytime sleepiness (R 365). The fact that Plaintiff made no significant complaints about his sleep apnea or show that his sleep apnea had returned to the level prior to his June 2000 surgery, even without the use of a CPAP machine, would suggest that his sleep apnea is now manageable. Thus, Plaintiff's contentions about the need to account for available therapy and side effects are negligible. Furthermore, Dr. DeCandido's statements do not acknowledge that Plaintiff had surgical procedures to reduce the effects of his sleep apnea and decrease his weight. Hence, Dr. DeCandido's failure to take account of these changes in Plaintiff's condition gives the ALJ proper reason to discount Dr. DeCandido's opinion.

These above reasons provide ample support for the ALJ's determination that Dr. DeCandido's opinion deserved little weight. *Phillips*, 357 F.3d at 1240.

    **B.**    **Combination of Impairments**

Plaintiff claims that the ALJ did not evaluate Plaintiff's impairments in combination with one another. The ALJ is required to consider all of a claimant's impairments, both severe and non-severe, in combination with one another when making its disability determination. 20 C.F.R §404.1520(e) and 20 C.F.R. §404.1545. The ALJ notes the need to do this on a number of occasions (R. 359-66). This Court fully concurs

with the Magistrate's Report and Recommendation that this contention by Plaintiff is meritless, and, therefore, adopts the reasoning and explanation given in the Report and Recommendation (Doc. 22, p. 16-7). Furthermore, a review of the ALJ's decision quickly reveals that the ALJ was aware of the need to view Plaintiff's impairments in combination with one another when he stated (R. 362):

> "The undersigned notes the effects obesity has in causing and contributing to impairments in numerous body systems, such as the musculoskeletal, respiratory, and cardiovascular systems. The undersigned considers that the combined effects of claimant's obesity with claimant's other impairments can be greater than the effects of each of the impairments considered separately."

Consequently, for the reasons stated in the Magistrate's Report and Recommendation and the above quotation, it is apparent that the ALJ evaluated all of Plaintiff's impairments in combination with one another, which means Plaintiff's objection as to this issue fails.

### C.   Weight given to non-examining, reviewing physicians' opinions

A Social Security directive requires an ALJ to consider physicians' opinions and explain the weight given to them in the decision. Social Security Ruling 96-6p, 1996 WL 374180 (S.S.A.). When the treating physician's opinion is not accorded full weight, as in the case of Dr. DeCandido's opinion, the ALJ may consider other opinions from non-treating physicians, such as the State agency medical consultants, and give their opinions additional weight if they are familiar with the Social Security disability program and evidentiary requirements. 20 C.F.R. §404.1527(d)(2) and (6). After summarizing the non-treating physicians' opinions, the ALJ noted the familiarity they had with the disability program and evidentiary requirements (R. 367). Furthermore, the ALJ stated that the

opinions are "consistent with the medical evidence of record." *Id*. The medical opinions of the non-treating opinions are further supported by the fact that they were reached following a review of all the documented medical evidence available from the various sources. *Id*. Having been found to be consistent with the medical evidence of record, based upon an adequate review of medical records, and decided with an understanding of the disability program and evidentiary requirements, these non-treating physicians' opinions deserved the "significant weight" the ALJ accorded them in his decision. *Id*.

Additionally, Plaintiff's contention that the non-treating physician's opinions were made prior to additional medical evidence becoming available following their reports is unavailing because Plaintiff's documented obesity in this addition medical evidence does not demonstrate that Plaintiff's work ability is prevented as a result of it. As mentioned previously, Plaintiff "has never really maintained that his obesity prevents him from working except insofar as it contributes to the effects of sleep apnea," which have been shown above to be incapable of precluding Plaintiff's work ability (R. 366).

### D. Plaintiff's credibility

Plaintiff objects to the ALJ finding that Plaintiff is not fully credible. If Plaintiff seeks to overcome this determination, he must present evidence that compels a contrary conclusion. *Adefemi*, 386 F.3d at 1027. In his decision, the ALJ recognized the pertinent Social Security Rulings and the correct standard described in *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986) that should be applied when assessing allegations of pain and other subjective complaints (R. 364). Nevertheless, Plaintiff objects to the ALJ's findings for two reasons.

First, Plaintiff contends that the ALJ's decision to discredit him because of his initially alleged disabled date is an insufficient reason for invalidating his credibility. Plaintiff initially alleged that he sustained injuries during an accident that resulted in him becoming disabled on September 15, 1999 (R. 367). However, in the April 2004 hearing, Plaintiff admitted that he did not sustain any injuries during the accident, and thus, he was not prevented from doing his work as a truck driver. *Id.* Hence, the ALJ had reason to believe that if Plaintiff was capable of alleging a disability, when one was not present, he was very well capable of overstating the effects of his obesity, sleep apnea, and aches and pains. Plaintiff's failure to report the effects of these ailments to his doctors provides additional support that his testimony regarding these ailments is overstated. Lastly, Plaintiff's objection to the ALJ's determination merely states that the reasons articulated by the ALJ are insufficient (Doc. 23, p. 8). Therefore, Plaintiff has failed to present sufficient reasoning and evidence capable of compelling a contrary conclusion.

Second, Plaintiff contends that the ALJ did not give his testimony regarding the effects of his sleep apnea the proper weight. As stated previously, it is true that Plaintiff struggled to use the CPAP machine due to ear infections that resulted from its use. However, by midyear 2002, Plaintiff made no significant complaints about any increase in sleep apnea issues or daytime sleepiness (R 365). Because Plaintiff made no significant complaints about his sleep apnea or show that his sleep apnea had returned to the level prior to his June 2000 surgery, even without the use of a CPAP machine, there is little reason to believe that Plaintiff's sleep apnea is not manageable. Therefore, Plaintiff's contentions about the need to account for the side effects of the offered treatment are

meritless, and there is no compelling reason to reach a conclusion contrary to the one reached by the ALJ.

It is for these reasons that this Court finds that the ALJ had sufficient reason for doubting Plaintiff's credibility.

### E. Plaintiff's Residual Functional Capacity

Plaintiff's final objection to the Report and Recommendation is that the ALJ's determination of Plaintiff's residual functional capacity is incorrect and should be significantly more restricted because of Plaintiff's obesity. As previously stated by the Appeals Council and then asserted again in the Magistrate's Report and Recommendation, while Plaintiff's "concerns are understandable, any limitations regarding the claimant's functioning must be supported by medical evidence" (Doc. 22, p. 23). Plaintiff's only medical evidence from a treating or examining doctor noting a postural limitation greater than the ALJ's determination is from Dr. DeCandido. As stated above, the ALJ discounted Dr. DeCandido's opinion on reasonable grounds. Also, two (2) other non-examining, reviewing doctors reached the same residual function capacity as determined by the ALJ. When this information is added to the ALJ's finding that Plaintiff "has never really maintained that his obesity prevents him from working except insofar as it contributes to the effects of sleep apnea" (R. 366), there is sufficient evidence to uphold the ALJ's determination of Plaintiff's residual functional capacity.

### IV. CONCLUSION

After having performed a thorough and independent review of the record and of U.S. Magistrate Judge Thomas G. Wilson's Report and Recommendation (Doc. 22), this

Court finds that the Commissioner's decision is in accordance with correct legal standards and is supported by substantial evidence. Therefore, the Magistrate's Report and Recommendation is affirmed. Accordingly, it is

**ORDERED** that Plaintiff's Objections to Report and Recommendation (Doc. 23) are **OVERRULED** and that the Magistrate's Report and Recommendation (Doc. 22) be **ADOPTED** and incorporated by reference. The Clerk of the Court is directed to enter judgment for the Defendant resulting in the denial of benefits for Plaintiff, to close the case, and to terminate any pending motions.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 28th day of February, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies furnished to:

All Parties and Counsel of Record